FANNIE ELLIS GREEN, WIDOW; HATTIE GREEN YOUNG, MOTHER; TOM
GREEN, BROTHER, OF THAD GREEN, DECEASED, EMPLOYEE, v. H. L.
BRILEY, EMPLOYER; FARM BUREAU MUTUAL AUTOMOBILE INSUR-
ANCE COMPANY, CARRIER.

(Filed 4 May, 1955.)

**1. Master and Servant § 53e—When compensation is paid in good faith to
person adjudicated entitled thereto, liability of carrier is discharged.**

Claim for compensation for the death of deceased employee was duly
filed by the employee's mother. The evidence disclosed that upon the
investigation made by the insurance carrier shortly after the accident, and
upon the hearing before the Commission, the mother and brother of the
deceased employee made statements that the employee was not married and
had no children, and that his mother had been partially dependent upon
him. Upon the hearing before the Industrial Commission, it was judicially
determined that the mother was next of kin entitled to all benefits, and
compensation was paid to her under the judgment. *Held:* The record
sustains the findings and conclusion of the Industrial Commission that the
payment of compensation to the mother was made in good faith within the
purview of G.S. 97-48 (c), so as to discharge the obligations of the em-
ployer and the insurance carrier notwithstanding that the employee left
a widow legally entitled to the compensation.

**2. Master and Servant §§ 45, 53d—**

Where it appears that compensation had been paid in good faith to the
mother of the deceased employee upon judicial determination that she was
the next of kin entitled to all benefits, the Industrial Commission is without
jurisdiction upon its later adjudication that the employee left a widow
entitled to the compensation, to enter judgment that the widow recover
against the mother the amount of compensation paid to the mother. Modi-
fication of the judgment accordingly does not interfere with the widow's
right to pursue her remedies against the mother by independent action in
the Superior Court.

· BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff Fannie Ellis Green from *Parker, J.,* at September
Term, 1954, of PITT.

Proceeding under Workmen's Compensation Act for compensation on account of the death of Thad Green.

At the time of his death on 4 June, 1951, Thad Green, age 38, was working a few miles from Bethel, the home of his mother, Hattie Green Young, in Pitt County. It was admitted he died as a result of an injury by accident which arose out of and in the course of his employment by the defendant Briley. The North Carolina Industrial Commission was requested to set a date for a hearing for the purpose of determining the dependents or next of kin of the deceased.

On 11 September, 1951, the case was heard before Deputy Commissioner W. Scott Buck in Greenville. At the hearing the mother and brother of the deceased were present, as were counsel representing them and also counsel for the defendant Briley and his insurance carrier. Counsel for the brother, Tom Green, announced it was his intention to assign or turn over to his mother any compensation he might be entitled to receive. Deputy Commissioner Buck rendered an opinion in which he concluded upon stipulations entered at the hearing that the mother, Hattie Green Young, was entitled under the provisions of G.S. 97-38 and 97-40 to receive compensation for the death of her son and that no other person was entitled to participate therein. By formal award of the Industrial Commission entered 29 October, 1951, it was directed, pursuant to the provisions of G.S. 97-40, that the commuted value of the award, to wit: $5,359.79, be paid to the mother in a lump sum. Payment was made by the defendant insurance carrier as directed.

Thereafter, the Commission received a letter from Sigmund Meyer, Esq., of the Durham Bar, dated 13 February, 1952, to the effect that Thad Green was married to Fannie Ellis Green, the appellant in the case. Following this, she was made a party to the proceeding and hearings were held before Deputy Commissioner Buck, first in Durham and later in Greenville, with all parties being present or represented by counsel. At these hearings evidence *pro* and *con* was offered on these questions: (1) whether Fannie Ellis Green was the lawful wife of Thad Green at the time of his death and entitled to the workmen's compensation benefits, and (2) whether the defendant insurance carrier acted in good faith in making the previous lump-sum settlement with the mother of the deceased.

Following the final hearing in Greenville Deputy Commissioner Buck rendered a supplemental opinion finding in substance these facts:

1. On 1 January, 1944, Thad Green was lawfully married to Fannie Ellis Green in Bennettsville, South Carolina. They lived together as husband and wife in Durham, North Carolina, for a short time and then moved to Norfolk, Virginia, where they resided for about two years, and then returned to Durham and made their home at 819 Ger-

rard Street from 1946 until the early part of 1951, during all of which time Thad Green was gainfully employed and his wife was dependent upon him for her support, with no other person being wholly dependent upon him for support.

2. Between 1946 and through 1950, Thad Green's mother visited in his home in Durham on three occasions, and spent the night once. On the first visit she was introduced to Thad's wife as his mother, and the wife was introduced to the mother as his wife. The last visit was in 1950.

3. In January, 1951, he told his wife he was in trouble in Durham about some checks and that he was going to have to get out of town for a while. He also told his wife that since his mother lived at Bethel he was going down there. Whereupon he went to his mother's home, leaving his wife in Durham. He never returned to Durham after his departure in January, 1951, and his wife did not join him in Pitt County. From January, 1951, to the time of his death on 4 June, 1951, the widow was not in fact living with Thad Green. Nor was she dependent for her support upon his earnings. But she was living apart from him during this period for justifiable cause, he having deserted her in January, 1951, and left her in a state of abandonment until the date of his death.

4. For about three months before his death Thad Green resided at the home of Henry and Vivian Wooten in Pitt County near the job on which he was employed, and it was under these circumstances that he was living and working at the time of his injury and death.

5. Upon the first hearing of this cause in Greenville on 11 September, 1951, the mother of deceased and also his brother Tom appeared and testified in substance: that Thad was never married; that during the three months he was employed by the defendant Briley he regularly contributed to his mother's support the sum of $10.00 per week or more; that he contributed to her support while working on other jobs prior to his last employment; that the mother was partially dependent upon Thad to the extent of his contributions; and that no other person was dependent upon him, either in whole or in part, for support. At the time this testimony was given, the same was false, and Hattie Green Young and Tom Green knew it was false.

6. Prior to the date of the first hearing, the defendant insurance carrier made an investigation in Pitt County concerning the death of Thad Green and also concerning his dependents. The information obtained was substantially the same as that disclosed by the false testimony later given at the hearing by his mother and brother.

7. That the defendants herein and the Industrial Commission at all times acted in good faith and upon the information at hand; and that

the Commission's award of compensation and the payment thereof by the defendant carrier to Hattie Green Young were made in good faith.

8. The first knowledge Fannie Ellis Green had of the death of her husband was in December, 1951, when she received a Christmas card over the printed signature of "Mr. and Mrs. Willie Young," postmarked "Bethel, N. C., December 5, 1951," containing the information that Thad was dead. The married name of Hattie Green Young is Mrs. Willie Young.

9. During the early part of 1952, Fannie Ellis Green called at the home of Willie and Hattie Green Young in Bethel and sought information concerning the death of her husband. Willie Young was present and would not allow Hattie to give Fannie the details concerning Thad's death.

10. From the proceeds of the compensation paid to Hattie Green Young she bought a house and lot in Bethel at a cost of $2,550.00 and spent approximately $1,000.00 in repairing the house, the title to which is in her name and is unencumbered. She gave Tom Green a total of $1,000.00. The balance of $600.00 is being held for her by a Mrs. Burton in Bethel. Hattie Green Young refuses to turn this sum or the property purchased with the compensation money over to Fannie Ellis Green, and refuses to make any payment whatsoever to her by way of reparation.

Based upon the foregoing findings of fact, Deputy Commissioner Buck made these conclusions of law:

1. That on 4 June, 1951, Fannie Ellis Green was "the lawful widow" of the deceased Thad Green.

2. That the widow was rightly entitled to all the compensation benefits, and that the mother, Hattie Green Young, was not entitled to any part thereof. Nevertheless, the defendants paid the compensation to Hattie Green Young in good faith and the payment so made shall protect and discharge the defendant Briley and his insurance carrier from any further liability for compensation or other benefits as a result of the death of Thad Green.

3. That Hattie Green Young is indebted to Fannie Ellis Green for the amount of compensation unlawfully received in the amount of $5,359.79, and that Fannie Ellis Green is entitled to recover that sum from Hattie Green Young.

The award of Deputy Commissioner Buck adjudges that the claim of Fannie Ellis Green, widow, as against the defendant Briley and his insurance carrier is denied and dismissed. However, the award directs that Hattie Green Young shall pay Fannie Ellis Green the sum of $5,359.79, representing the total amount of compensation received by Hattie Green Young from the defendant insurance carrier.

On appeal, first to the Full Commission and later to the Superior Court, the foregoing findings, conclusions, and award were affirmed. From the judgment of the Superior Court, affirming the decision and award of the Industrial Commission, the plaintiff Fannie Ellis Green appeals, assigning errors.

*Henry Bane and Sigmund Meyer for plaintiff Fannie Ellis Green, appellant.*
*James & Speight for defendants, appellees.*

JOHNSON, J. Decision here is controlled by the provisions of G.S. 97-48 (c), which reads: "Payment of death benefits by an employer in good faith to a dependent subsequent in right to another or other dependents shall protect and discharge the employer, unless and until such dependent or dependents prior in right shall have given notice of his or their claims."

True, under the provisions of G.S. 97-47 the Industrial Commission may review an award, but this statute expressly provides that no such review shall affect an award as regards money previously paid.

The evidence taken and the stipulations entered at the first hearing before Deputy Commissioner Buck in Greenville sustain the award made in favor of Hattie Green Young, and the evidence adduced at the later hearings sustains the findings and conclusions that the defendants acted in good faith. The evidence discloses that the request for a hearing was made by the defendant carrier after it had made an investigation to ascertain the dependents or next of kin of the deceased Thad Green. The record discloses that in the course of the investigation a representative of the carrier interviewed Thad's mother and also a member of the family with whom he was living at the time of his death and obtained statements to the effect that he was not married and had no children, and that his mother and brother were his next of kin, and that the mother had been partially dependent on him. Further, it is to be noted that the mother's claim was duly filed with the Industrial Commission, the regularly constituted tribunal for hearing claims of this kind, and that after a hearing regularly held it was judicially determined that the mother of the deceased was the next of kin entitled to all benefits. Whereupon the Commission, pursuant to G.S. 97-38 and 97-40, entered an award directing that payment be made to the mother. Following this, the defendant insurance carrier made payment as directed.

Manifestly the record sustains the finding and conclusion of the tribunal below to the effect that the payment was made in good faith, within the purview of G.S. 97-48 (c).

While the law, acting in response to the demands of a humane public policy, requires employers and insurance carriers to settle these workmen compensation claims promptly and with a minimum of formality, nevertheless, for those who pay them in good faith a modicum of legal protection against recurring demands is rightly provided. Within the framework of the legal protection so provided the defendants in this case have fulfilled their obligations and discharged their liability.

It has ever been so that the universal application of just principles of law produces occasional hardships. But even so, it is noted that the appellant here is not entirely blameless. The record discloses her husband was separated from her for more than five months before his death, and that when he left her she knew he was returning to Pitt County where he had formerly lived. Yet she never visited that county or made inquiry there of his whereabouts for more than a year after his separation from her, and when she did make inquiry he had been dead more than six months.

The decision of the Industrial Commission, as sustained by the court below, so far as it relieves the defendants of further liability, will be upheld.

However, the award and judgment over against Hattie Green Young in favor of Fannie Ellis Green will be stricken out as being beyond the jurisdictional power of the Industrial Commission to grant relief. This modification will not interfere with the appellant's right to pursue her remedies against Hattie Green Young, if so advised, by independent action in the Superior Court.

Let the cause be remanded for the modification herein directed, and as so modified the award and judgment below will be affirmed.

Modified and affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.