## 20475

AIRCO, INC., and Liberty Mutual Insurance Company, Appellants, v. Willie HOLLINGTON et al., Respondent.

(236 S. E. (2d) 804)

154

*Robert A. Patterson,* and *W. Jefferson Leath, Jr., of Barnwell, Whaley, Stevenson and Patterson,* Charleston, *for Appellants,*

*Irving Levkoff, of Steinberg, Levkoff, Spitz and Goldberg,* Charleston, *for Respondents,*

August 2, 1977.

RHODES, Justice:

In this appeal, the Court is asked to decide whether the lower court ruled correctly when it compelled an employer and its insurance carrier to pay a duplicate award of workmen's compensation benefits on account of the death of a deceased employee. For the reasons set forth herein, we affirm the order.

Willie Hollington, the deceased, died as the result of injuries sustained by him arising out of and in the course of his employment. The appellants, the employer and its workmen's compensation insurance carrier, concede that Willie Hollington's death is compensable under the South Carolina Workmen's Compensation Act. Furthermore, the appellants

have stipulated as to the amount of compensation payable on account of Willie's death.

Following Willie's death, the deceased's parents, Henry Hollington, Sr., and Rebecca Hollington, filed a dependency claim with the appellants in an effort to obtain the workmen's compensation benefits aforementioned. This claim was heard by a single commissioner of the South Carolina Industrial Commission in an uncontested proceeding on January 10, 1973. At the hearing, Mr. and Mrs. Hollington were represented by their counsel as were the appellants. The hearing resulted in an award by the commissioner to Mr. and Mrs. Hollington in the amount of $22,700.20. The appellants thereafter paid the amount pursuant to the commissioner's order and S. C. Code § 42-9-240 (1976).

Following this hearing, the claim of Everette Eugene Frazier (Everette), as alleged sole dependent of Willie Hollington, was filed for the same workmen's compensation benefits. Everette, who was six (6) years old at the time of the January 10, 1973 hearing, was not a party to the claim filed by Willie Hollington's parents. The basis of Everette's claim, filed by his mother, Irene Frazier, as guardian ad litem, was that he was the acknowledged illegitimate son of Willie Hollington and was wholly dependent on Willie to the exclusion of all other persons. Subsequently, additional hearings were held by the single commissioner on September 19, 1973 and July 31, 1974. Based upon the testimony of some twenty-three (23) witnesses at these additional hearings, the commissioner issued an order in which he found that, upon the evidence presented, Everette alone was entitled to the compensation previously awarded and paid to Mr. and Mrs. Hollington. However, despite this finding, the commissioner refused to order the appellants to make a duplicate payment of compensation. Instead the commissioner, relying upon S. C. Code § 42-9-340 (1976),[1] found and

---

[1] Section 42-9-340. "Effect of payment in good faith to junior dependents. Payment of death benefits by an employer in good faith to a dependent subsequent in right to another dependent shall protect and

ruled that the appellants had made a "good faith" payment to the parents of Willie Hollington and were, therefore, fully discharged from their obligation.

Everette applied to the full Industrial Commission for a review of the order of the single commissioner. This review was granted, and the Commission heard the matter. Subsequently, the full Commission reversed the order of the single commissioner and, finding that good faith had not been exercised by the appellants, ordered the appellants to pay compensation to Everette.

Following this award, the appellants filed Notice of Intention to Appeal. Their appeal was heard by The Honorable Robert McC. Figg, sitting as special circuit judge. Judge Figg thereafter issued his order which overruled the appellant's exceptions and affirmed the full Commission's award of compensation to Everette.

The evidence adduced at the hearings of September 19, 1973 and July 31, 1974 was voluminous. Upon reviewing the entire record, we find it sufficient to state that the testimony, while disputed, nonetheless firmly supports the following findings of the single commissioner:

(1) Willie Hollington, prior to his fatal injury, acknowledged Everette as his illegitimate son;

(2) Irene Frazier, as mother and natural guardian of Everette, did not have knowledge of the Jnuary 10, 1973 hearing regarding the claim of Mr. and Mrs. Hollington;

(3) The claimants, Mr. and Mrs. Hollington, fully knew of the existence of Everette, yet both claimants testified under oath that they were wholly and solely dependent on the deceased;

(4) Testimony at the September 19, 1973 and July 31, 1974 hearings conclusively proved that neither of the claim-

discharge the employer, unless and until such dependent prior in right shall have given notice of his claim. In case the employer is in doubt as to the respective rights of rival claimants, he may apply to the Commission to decide between them."

ants (the Hollingtons) was dependent on the deceased, and Henry Hollington, Sr., was, and at the time of these hearings continued to be, an employee of the City of Charleston, earning $102.00 per week. There has been no appeal from these findings.

The appellant's first contention is that Everette should not have been permitted to complain because the January 10, 1973 hearing and the single commissioner's award resulting therefrom determined all issues as a matter of law. This argument we find to be without legal merit. Undisputed in this record are the facts that (1) Everette, by and through his mother and guardian ad litem, Irene Frazier, did not have notice or knowledge of the initial hearing, and (2) Everette's claim for dependency benefits was timely filed before the expiration of the statute of limitations which began to run from the date of Willie Hollington's death. It is clear from the record that Everette was not joined as a party in the original hearing and was nowise represented therein.

The doctrine of *res judicata* does not operate to affect the rights and interests of one who was not a party nor in privity with a party in a prior proceeding. *See First National Bank of Greenville v. United States Fid. and Guar. Co.,* 207 S. C. 15, 35 S. E. (2d) 47 (1945). Thus, it cannot be successfully contended that Everette's right to the workmen's compensation benefits was precluded by the adjudication of the single commissioner at the January 10, 1973 hearing.

The appellants argue further in this appeal that their payment of the compensation benefits to Mr. and Mrs. Hollington was made in good faith, even if made in error, and that Section 42-9-340 of the Code of Laws, *supra,* thereby discharged them from having to pay a duplicate award to the correct recipient.

In finding that the appellants had made a good faith payment to the Hollingtons, the single commissioner relied upon

*Green v. Briley,* 242 N. C. 196, 87 S. E. (2d) 213 (1955). In that case, the North Carolina court was faced with having to construe the meaning and intent of a provision of North Carolina's Workmen's Compensation Act virtually identical to our Section 42-9-340. [2] It is correct that the court in *Green* concluded under a factual situation similiar to that in the instant appeal that the employer and its insurance carrier had acted in good faith in paying benefits to a party not actually entitled thereto. However, the text of the opinion in the *Green* case leaves little doubt in our view that no such good faith can be said to be present absent the showing of an investigation to determine who is actually entitled to receive the benefits. Such a holding, while not expressed in precise language, is certainly inferable. Even were this not so, we think that the necessity for requiring the showing of such an investigation would follow logically and fairly nonetheless.

The evidence in the record before us is conclusive that Mr. and Mrs. Hollington were not dependent upon their son, Willie. As noted previously, even the single commissioner was of such opinion. Mr. and Mrs. Hollington were not "dependents subsequent in right to another dependent" under Section 42-9-340. The Hollingtons were not entitled to payment at all under the pertinent provisions of the Workmen's Compensation Act.

We agree with the rationale of the lower court that good faith "imports reasonable diligence in utilizing the available sources of information and seeking to ascertain the facts upon which an intelligent good faith judgment can be made" as to the person entitled to the benefits.

The appellants did not show what investigation, if any, they may have made prior to the initial hearing to ascertain whether there existed some other person

---

[2] From our research, it appears that the language of Section 42-9-340 has heretofore never been construed by this Court.

who might be entitled to the workmen's compensation benefits. This omission is particularly glaring in the light of the evidence adduced at the September 19, 1973 and July 31, 1974 hearings. The testimony demonstrated that the existence of Everette Eugene Frazier and his acknowledged relationship to the deceased were facts which were generally well-known in the community in which Everette and the Hollingtons lived. They were facts relatively easy to ascertain. We find that Section 42-9-340 was not intended to afford protection to an employer and its carrier against a valid claim where the employer and the carrier have not shown that they exercised reasonable diligence in investigating prior to making payment of compensation benefits to persons not entitled thereto.

Finally, the appellants contend that the special circuit judge erred in affirming the award of the full Industrial Commission because the Commission's award, on its face, did not contain separate findings of fact and conclusions of law. The appellants assert that such an award fails to meet the requirements of S. C. Code § 42-17-40 (1976), and is, therefore, invalid.

We have previously held that the statutory duty on the part of the Industrial Commission requires that findings of fact be made upon the essential factual issues. Additionally, such findings must be sufficiently definite and detailed to enable the appellate court properly to determine whether the findings of fact are supported by the evidence and whether the law has been correctly applied to those findings. *See Hill v. Jones,* 255 S. C. 219, 178 S. E. (2d) 142 (1970).

A review of the full Commission's award indicates that findings of fact and conclusions of law were not stated or enumerated under separate headings as the appellants imply they must be. This probably would be the better practice, but we find nothing in Section 42-17-40 requiring the use of such a format. We are satisfied that the

Commission's award stated its factual findings in a manner sufficient to support its conclusion that good faith was not shown to have been exercised by these appellants in the payment by them of the workmen's compensation benefits to the Hollingtons. Accordingly, we ovrerule this exception.

The judgment appealed from is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.