The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties prior to the hearing in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is June 23, 2000.
2. On June 23, 2000, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On June 23, 2000, an employer-employee relationship existed between decedent and defendant-employer.
4. On June 23, 2000, defendant-employer employed three or more employees.
5. On June 23, 2000, the carrier of workers' compensation insurance for defendant-employer was CNA Commercial Insurance.
6. Decedent's average weekly wage was $304.50.
7. The parties stipulated into evidence without need for further authentication or verification, the following documents:
a. Industrial Commission Forms 18, 19, 33, and 63;
b. Autopsy Report;
c. Certificate of Death;
 d. U.S. Department of Justice I-9 for decedent's employment with defendant-employer;
e. Affidavit of Maria Fernanda Telesforo Ortega English;
f. Affidavit of Maria Fernanda Telesforo Ortega Spanish;
 g. Declaration of Abandonment entered against Fidel Reyes Lopez dated November 5, 1997;
 h. English translation of Declaration of Abandonment entered against Fidel Reyes Lopez dated November 5, 1997;
 i. Birth Certificate of Julio Cesar Reyes Telesforo showing a birth date of January 26, 1981;
 j. Marriage Certificate of Fidel Reyes Lopez and Fernanda Telesforo Ortega;
 k. Money Order dated May 10, 2000 in the amount of $457.50 from Julio Cesar Reyes Telesforo payable to Fernanda Telesforo Ortega;
 l. Money Order dated April 26, 2000 in the amount of $897.00 from Julio Cesar Reyes Telesforo payable to Fernanda Telesforo Ortega;
 m. Money Order dated October 27, 1999 in the amount of $1,392.00 from Julio Cesar Reyes Telesforo payable to Fernanda Telesforo Ortega; and
 n. Money Order dated June 6, 2000 in the amount of $924.00 from Julio Cesar Reyes Telesforo payable to Fernanda Telesforo Ortega.
8. The parties stipulated into evidence the Affidavit and Renunciation of Benefits executed by Fidel Reyes Lopez relinquishing and renouncing any claim or right that he might have for any workers' compensation benefits as a result of the death of Julio Cesar Reyes.
9. The only issue for determination by the Full Commission is whether or not defendants are entitled to a credit in the amount of $10,000.00 for their advancement of that sum to decedent's father for funeral expenses.
10. The deposition of Maria Fernanda Telesforo Ortega is a part of the evidentiary record in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. The deceased employee is survived by two parents, his mother, Maria Fernanda Telesforo Ortega, and his father, Fidel Reyes Lopez.
2. At all relevant times, Maria Fernanda Telesforo Ortega has resided in Mexico and continues to do so. She was totally dependent upon the decedent for support.
3. Fidel Reyes Lopez left Mexico in April 1987 and moved to North Carolina several years ago. Fidel Reyes Lopez willfully abandoned his wife and family and a legal Order of Abandonment was entered against him on November 5, 1997. After that date, Fidel Reyes Lopez provided no support to his wife or children, including decedent.
4. A couple of years prior to decedent's death, he left Mexico and came to work in North Carolina. At the time of decedent's death, he and Fidel Reyes Lopez resided together in Concord, North Carolina.
5. On June 23, 2000, a work-related injury by accident resulted in decedent's death.
6. Thereafter, defendants advanced the sum of $10,000.00 to Fidel Reyes Lopez for funeral expenses related to the burial of decedent's body and the transportation of decedent's body to Mexico as well as money to allow Fidel Reyes Lopez to accompany the body to Mexico.
7. Defendants' advancement was made in good faith and was made to assist decedent's family in returning his body to Mexico. However, defendants did not consult with or obtain the consent of Maria Fernanda Telesforo Ortega for this advancement or for such advancement to be charged against the benefits owed to her.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedent's death was a result of a compensable injury by accident on June 23, 2000. N.C.G.S. § 97-2(6), (10).
2. The deceased employee is survived by one beneficiary who was totally dependent upon him for support at the time of his death. This beneficiary is Maria Fernanda Telesforo Ortega, decedent's mother, and she is entitled to compensation under the Act to the exclusion of all others. N.C.G.S. § 97-39.
3. Defendants are entitled to a credit in the amount of $2000.00 for burial expenses already paid to decedent's family for expenses incurred in returning his body to Mexico. N.C.G.S. § 97-38.
4. Defendants are entitled to a credit in the amount of $8,000.00 that was advanced to decedent's family to be deducted from remaining death benefits due decedent's beneficiary. N.C.G.S. § 97-48, Green v.Briley, 242 N.C. 196, 87 S.E.2d 213, (1955).
5. A reasonable attorney's fee in this largely uncontested case for death benefits where the primary issue is whether or not defendants should be allowed a credit for an advance made for burial expenses without the consent of the beneficiary herein is 5% of the compensation due the beneficiary.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay benefits in the amount of $203.01 per week for 400 weeks to Maria Fernanda Telesforo Ortega subject to a credit of $8,000 that is to be pro-rated over the remainder of death benefits payable to Ms. Ortega. This amount shall be subject to an attorney's fee as set out in Paragraph 2 below.
2. A reasonable attorney's fee of 5% of the compensation due plaintiff is approved for plaintiff's counsel and shall be deducted from that amount and paid directly to plaintiff's counsel.
3. Defendants shall bear the costs.
This the ___ day of November 2001.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER