IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-151

No. COA20-470

Filed 20 April 2021

North Carolina Industrial Commission, No. 18-9698

SHARON CASH WEST, Wife of Keith West (Decedent), JESSICA WEST HAYES, Adult Daughter of Decedent, RAYMOND WEST, Adult Son Decedent, and SHANNON STOCKS, Plaintiffs,

v.

HOYLE'S TIRE & AXLE, LLC, Employer,

and

TRAVELERS INDEMNITY COMPANY, Carrier, Defendants,

Appeal by plaintiffs and defendants from opinion and award entered 8 November 2019 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 April 2021.

*Teague Campbell Dennis & Gorham, LLP by Luke A. West, for Defendants-Appellants, Cross-Appellees.*

*Hemmings & Stevens, PLLC by Kelly A. Stevens, for Plaintiff-Appellee, Cross-Appellant Jessica West Hayes.*

*Cloninger Law Offices, PLLC by D. Randall Cloninger, for Plaintiff-Appellee, Cross-Appellant Raymond West.*

*Amy Berry Law, PA by Amy Berry, for Plaintiff-Appellee, Cross-Appellant Sharon Cash West*

- 1 -

*Mast Mast Johnson Wells & Trimyer, by Charles Mast, for Plaintiff-Appellee, Cross-Appellant Shannon Stocks.*

CARPENTER, Judge.

## I. Factual & Procedural Background

¶ 1     Keith West ("Decedent") was employed by Hoyle's Tire & Axle at the time of his death and was killed in a work-related accident. Defendant-Employer Hoyle's Tire & Axle, LLC ("Hoyle's Tire") and its workers' compensation insurance carrier Defendant-Carrier Travelers Indemnity Company ("Travelers") (collectively, "Defendants") admitted compensability for death benefits. Decedent's adult daughter, Plaintiff Jessica West Hayes ("Plaintiff Hayes"), Decedent's adult son Raymond West ("Plaintiff West"), Decedent's estranged wife Sharon Cash West ("Plaintiff Cash West"), (collectively, the "Family Members"), and Decedent's alleged girlfriend or fiancé Shannon Stocks ("Plaintiff Stocks") (collectively, "Plaintiffs") all asserted death benefit claims under the North Carolina Workers' Compensation Act. Although Plaintiff Stocks admits she was not married to Decedent, Plaintiff Stocks claims she was cohabitating with and partially dependent upon Decedent for certain expenses.

¶ 2     On 2 April 2018 Defendants filed a Form 33 request for hearing in this matter seeking "to determine the proper beneficiaries in this claim." On 22 January 2019, Plaintiff Hayes filed a motion to dismiss and for attorneys' fees and sanctions.

Plaintiffs West and Cash West joined the motion. The motion to dismiss and for attorneys' fees and sanctions requested dismissal of Plaintiff Stocks' claim to benefits, averring Plaintiff Stocks had no standing to make a claim pursuant to N.C. Gen. Stat. § 97-39 (2019). The 22 January 2019 motion also sought "costs, including reasonable attorney fees and sanctions pursuant to N.C. Gen. Stat. § 97-88.1 for [Plaintiff Stocks'] making and defending a claim without reasonable grounds." On 6 February 2019, the matter was set before Deputy Commissioner J. Brad Donovan ("Deputy Commissioner Donovan") for a motions hearing with all parties appearing through counsel.

¶ 3   At the 6 February 2019 hearing, Deputy Commissioner Donovan noted the entry of a pretrial order that contained stipulations and then read the stipulations into the record. Although the Family Members' 22 January 2019 motion to dismiss and for attorneys' fees and sanctions averred Plaintiff Stocks had no standing to make a claim and "[did] not qualify as a person within the purview of the Workers' Compensation Act who can make a claim," the stipulations entered into by the parties in connection to the 6 February 2019 hearing included: "[t]he parties are properly before the Commission" and "[t]he Commission has jurisdiction of the parties and the subject matter of the claim."

¶ 4   At the 6 February hearing, Deputy Commissioner Donovan granted the Family Members' motion to dismiss and motion for attorneys' fees and sanctions. Deputy

Commissioner Donovan also requested counsel representing the Family Members submit an accounting of the time they spent defending Plaintiff Stocks' claim for consideration under N.C. Gen. Stat § 97-88.1. Deputy Commissioner Donovan further indicated the Family Members had reached an agreement and directed them to submit a consent order. On 6 February 2019, after the hearing, Plaintiff Stocks, in response to the motion for attorneys' fees, filed a motion for an offer of proof seeking admission of all discovery responses produced in the matter to date, ostensibly to illustrate the amount of time spent by the parties on discovery.

¶ 5 On 15 February 2019, Deputy Commissioner Donovan filed an order dismissing Plaintiff Stocks' claim and denying her motion for an offer of proof. The 15 February Order stated, "[t]he parties have indicated ... they have reached an agreement regarding the distribution of funds in this matter." On 22 February 2019, Deputy Commissioner Donovan entered an order executed and submitted by Defendants and the Family Members as previously directed ("Consent Order"). The terms of the Consent Order divided equally Decedent's workers' compensation death benefits among the Family Members. A full evidentiary hearing was not held to establish the underlying facts of the matter.

¶ 6 Plaintiff Stocks filed appeals on 20 February 2019 and 27 February 2019 from all three of Deputy Commissioner Donovan's orders, including the Consent Order. Notwithstanding Plaintiffs Stocks' pending appeals, on 8 March 2019, Defendants

paid the death benefits to the Family Members pursuant to the Consent Order. Thus, Defendants paid the death benefits knowing Plaintiff Stocks' appeals were pending with the Full Commission.

¶ 7 On 10 July 2019, the case was heard before the Full Commission. On 8 November 2019, a divided Full Commission issued its opinion and award. The majority found Defendants had not met their burden to be dismissed from the case because they "were aware that Plaintiff Stocks had appealed Deputy Commissioner Donovan's Orders and that these appeals were pending before the Full Commission when Defendants paid the benefits to the other claimants." In denying Defendants' motion, the Full Commission majority held:

> Defendants' interest in avoiding the additional litigation engendered by appellate review does not outweigh Plaintiff Stocks' right to appellate review of the Deputy Commissioner's decision. Allowing Defendants to discharge their obligation and be dismissed from the case, notwithstanding the pending appeal, would render Plaintiffs' issues on appeal moot and undermine Plaintiffs' right to appeal to the North Carolina Court of Appeals by relegating such appeal to a mere request for an advisory opinion. In the present case, Defendants prematurely paid the death benefits to certain Plaintiffs knowing that the issue of Plaintiff Stocks' entitlement to benefits under the Act was pending review by the Full Commission and is subject to potential further appeal to the higher courts. Thus, Defendants' Motion to Dismiss Defendants is DENIED.

¶ 8 On the issue of Plaintiff Stocks' standing, in its conclusion of law Number 2, the Full Commission concluded *Fields v. Hollowell* was binding on the Commission, and that because no evidentiary hearing was held, the issue of whether Plaintiff Stocks should have the opportunity to prove factual dependence was a question of law. *See Fields v. Hollowell & Hollowell,* 238 N. C. 614, 78 S.E.2d 740 (1953).[1] Accordingly, the Full Commission concluded that under *Fields*, Plaintiff Stocks could not possibly be a factual dependent of Decedent under N.C. Gen. Stat. § 97-39.

¶ 9 Deputy Commissioner Loutit dissented from the majority only on its ruling on Defendants' motion to dismiss and would have dismissed and discharged Defendants from further obligations in the matter. He stated:

> In this tragic matter, defendants accurately identified and correctly compensated all claimants in accordance with controlling and well-established North Carolina law and N.C. Gen. Stat. §§ 97-39 and 97-48. Defendants tendered payment in good faith to proper dependents and heirs of the decedent in accordance with a Consent Order filed on February 22, 2019. Under the long-standing laws of this state with respect to dependency, there has never been a genuine issue as to the proper dependents and payees. Specifically, under *Fields v. Hollowell* . . . , plaintiff Stocks currently cannot possibly be a factual dependent of decedent-employee . . . .
> Although any party or attorney may express aspirational interests in using a legal vehicle such as the tragic instant

---

[1] In *Fields v. Hollowell & Hollowell*, the North Carolina Supreme Court held a woman cohabitating with a decedent-employee at the time of his death as his common law wife is not entitled to any compensation or the opportunity to prove factual dependence under N.C. Gen. Stat. § 97-39.

matter to change laws in the hopes that the judicial system may ultimately embrace her cause, these intentions should not delay the swift, certain, and accurate compensation of legal claimants as contemplated by the Workers' Compensation Act currently in full force and effect. (*Id.*).

¶ 10 Between 6 December and 9 December 2019, all parties filed notices of appeal to this Court.

## II. Jurisdiction

¶ 11 Jurisdiction lies in this Court as a matter of right over a final judgment from the North Carolina Industrial Commission pursuant to N.C. Gen. Stat. § 7A-29(a) (2019).

## III. Issues

¶ 12 The issues before this Court are (1) whether the Industrial Commission erred in denying Defendants Hoyle's Tire and Travelers' motion to dismiss; (2) whether the Industrial Commission erred in denying sanctions in the form of attorneys' fees against Plaintiff Stocks pursuant to N.C. Gen. Stat. § 97-88.1; and (3) whether the Industrial Commission erred in dismissing Plaintiff Stocks' claim to death benefits and thereby denied her the equal protection of the law.

## IV. Standard of Review

¶ 13 Appeals from the Industrial Commission are reviewed by the Court of Appeals which must determine "whether any competent evidence supports the Commission's

findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 533 (2000). "When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard." *Ballenger v. ITT Grinnell Indus. Piping, Inc.*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987).

## V. Analysis

### A. Motion to Dismiss

¶ 14 Defendants Hoyle's Tire and Travelers contend the Industrial Commission erred in denying their motion to dismiss because they tendered payment of the full balance of workers' compensation benefits pursuant to the Consent Order in good faith. We disagree.

¶ 15 N.C. Gen. Stat. § 97-48(c) provides,

> (c) Payment of death benefits by an employer in good faith
> to a dependent subsequent in right to another or other
> dependents shall protect and discharge the employer,
> unless and until such dependent or dependents prior in
> right shall have given notice of his or their claims. In case
> the employer is in doubt as to the respective rights of rival
> claimants, he may apply to the Industrial Commission to
> decide between them.

N.C. Gen. Stat.§ 97-48(c) (2019). Defendants cite the 1955 North Carolina Supreme Court case *Green v. Briley*, which interprets N.C. Gen. Stat. § 97-48(c), and states:

"for those who pay [workers' compensation claims] in good faith, a modicum of legal protection against recurring demands is rightly provided." *Green v. Briley*, 242 N.C. 196, 201, 87 S.E.2d 213, 216 (1955). In order to determine whether a party has acted in good faith in a settlement, the court must examine the totality of the circumstances and consideration of all relevant facts. *Brooks v. Wal-Mart Stores, Inc.*, 139 N.C. App. 637, 646, 535 S.E.2d 55, 62 (2000).

¶ 16      In *Green*, based upon all evidence before it at the time, the Industrial Commission entered an order directing the payment of workers' compensation death benefits to the mother of the decedent. The evidence before the Commission regarding dependents included: (1) investigative statements obtained by the workers' compensation carrier from the decedent's mother, as well as a family member who was living with the decedent at the time of his death, to the effect the decedent was not married and had no children, and (2) stipulations by the parties the decedent was not married and had no children. The order in *Green* was not appealed. The Supreme Court determined the workers' compensation carrier acted in good faith in paying the dependent mother and was excused from having to make an additional payment to the widow. *Id.* at 201, 87 S.E.2d at 216.

¶ 17      The present case was properly distinguished from *Green* by the Industrial Commission majority's order. The facts and circumstances surrounding Defendants' payment of benefits in the present case are as follows. In the case at bar, a clear

dispute existed among the parties regarding Plaintiff Stocks' dependency on Decedent. Further, the orders in the present case regarding Plaintiff Stocks' dependency and payment to the Family Members were appealed by Plaintiff Stocks. Defendants paid the Family Members *after* notice of appeal was filed by Plaintiff Stocks. Defendants acted with notice of Plaintiffs Stocks' appeal.

¶ 18        No statutory language found in the North Carolina Workers' Compensation Act exists to support a conclusion Defendants were required to pay the Family Members in accordance with the Consent Order notwithstanding Plaintiff Stocks' appeal. To the contrary, under N.C. Gen. Stat. § 97-18(e), the "first installment of compensation payable under the terms of an award by the Commission" does not "become due" until "10 days from the day following expiration of the time for appeal from the award or judgment or the day after notice waiving the right of appeal by all parties has been received by the Commission, whichever is sooner." N.C. Gen. Stat. § 97-18(e) (2019). Such language indicates Defendants would not have been required to prematurely pay benefits to the Family Members while Plaintiff Stocks' appeal was still pending.

¶ 19        Based on the foregoing, we find competent evidence exists to support the Commission's finding that Defendants did not act in good faith in tendering payment to the Family Members such that they should have been dismissed from suit.

*B. Attorneys' Fees*

¶ 20        Co-Plaintiffs Family Members contend the Industrial Commission erred in denying sanctions in the form of attorneys' fees against Plaintiff Stocks pursuant to N.C. Gen. Stat. § 97-88.1.  We disagree.

¶ 21        The Family Members requested attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1, which provides reasonable fees may be awarded if the Industrial Commission "shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground . . . ."  This Court has explained the purpose of N.C. Gen. Stat. § 97-88.1 is to "deter stubborn, unfounded litigiousness, which is inharmonious with the 'primary consideration of the Workers' Compensation Act.'" *Sparks v. Mountain Breeze Rest. and Fish House, Inc.*, 55 N.C. App. 663, 664, 286 S.E.2d 575, 576 (1982) (quoting *Barbour v. State Hosp.*, 213 N.C. 515, 518. 196 S.E. 812, 814 (1938).

¶ 22        A court may award sanctions when a party violates N.C. Gen. Stat § 1A-1, Rule 11 by filing pleadings not well founded in fact and warranted by existing law or a good faith argument for extension, modification, or reversal of the existing law. *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992).  An award under N.C. Gen. Stat. § 97-88.1 is discretionary according to the Supreme Court of North Carolina, which has held, "the language of [N.C. Gen. Stat §] 97-88.1 clearly indicates that an award of attorneys' fees is not required to be granted.  Such language places the decision of whether to award attorneys' fees within the sound discretion of the

Commission." *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 397, 298 S.E.2d 681, 684 (1983).

¶ 23      The Family Members assert Plaintiff Stocks "brought [her claim] without reasonable ground," entitling the Family Members to attorneys' fees from Plaintiff Stocks pursuant to N.C. Gen. Stat. § 97-88.1.  Plaintiff sought the opportunity to prove factual dependence on Decedent under N.C. Gen. Stat. § 97-39, which states in relevant part:

> A widow, a widower, and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee.  In all other cases questions of dependency, in whole or in part shall be determined in accordance with the facts as the facts may be at the time of the accident.

N.C. Gen. Stat. § 97-39.  The plain text of N.C. Gen. Stat. § 97-39 does not dispose of Plaintiff Stocks' claim, as Plaintiff Stocks could fall into the category of "all other cases," allowing her to prove her factual dependency.  Pairing the statute with its interpretation in *Fields*, however, specifically disposes of Plaintiff Stocks' argument she could be entitled to death benefits.  In *Fields*, our Supreme Court explained "a woman living in cohabitation with a man, to whom she is not married, is not within the purview of the term 'in all other cases.'"  *See Fields*, 238 N.C. at 618, 78 S.E.2d at 743.  The parties do not dispute the principle of *stare decisis* would operate to bar Plaintiff Stocks' argument regarding her entitlement to benefits.  However, the Full

Commission considered Plaintiff Stocks' argument a "good faith argument for . . . reversal of the existing law" in *Fields*. We agree. Therefore, we find the Full Commission was not required to order sanctions against Plaintiff Stocks in punishment of those efforts. *See Fields*, 238 N.C. at 614, 78 S.E.2d at 740.

Competent evidence exists in the record to support the Commission's findings of fact, and in turn, conclusion of law that Plaintiff Stocks' pursuit of the issue questioning the interpretation of the language of N.C. Gen. Stat § 97-39 did not reflect "stubborn, unfounded litigiousness," but rather represented a good faith argument to change the precedent set in *Fields*.

### C. *Equal Protection*

Plaintiff Stocks argues the Industrial Commission erred in dismissing her claim to death benefits and thereby denied her the equal protection of the law. Plaintiff Stocks contends *Fields'* interpretation of N.C. Gen. Stat § 97-39 impermissibly delineates between classes of individuals based on their marital status. *See Fields*, 238 N.C. at 614, 78 S.E.2d 740.

We are bound by the North Carolina Supreme Court's holding in *Fields*, and are, thus, without authority to revisit it until otherwise ordered to do so by the North Carolina Supreme Court. *See Fields*, 238 N.C. at 614, 78 S.E.2d 740; *see also Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993) (The Court of Appeals "has no authority to overrule decisions of [the] Supreme Court and [has] the responsibility to

follow those decisions until otherwise ordered by the Supreme Court." (alterations in original) (quotation marks omitted)).

## VI. Conclusion

We find competent evidence exists to support the Industrial Commission's findings that (1) Defendants did not act in good faith in tendering payment to the Family Members such that they should have been dismissed from suit, and (2) it was not required to assess sanctions in the form of attorneys' fees against Plaintiff Stocks. We further hold the Industrial Commission did not err in dismissing Plaintiff Stocks' claim to death benefits, as the Industrial Commission is bound by precedent to disallow an unmarried romantic partner of a decedent the opportunity to establish entitlement to the decedent's death benefits. Therefore, we affirm the decisions of the Industrial Commission.

AFFIRMED.

Judges ARROWOOD and HAMPSON concur.